UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

WILLIAM HELLER,

     Plaintiff,

         v.

GANIYU ODUNBAKU, et al.,

     Defendants.

Civil No. 11-506 (RMB/JS)

**MEMORANDUM ORDER**

     THIS MATTER comes before the Court upon two motions: (1)
Plaintiff William Heller's Motion for Summary Judgment against
Defendant U.S. Rail Corp. of N.J. ("U.S. Rail") [Dkt. No. 114];
and (2) Defendant Anchor Glass Container Corporation's Motion
for Partial Summary Judgment against Defendant U.S. Rail [Dkt.
No. 115] relating to its common law indemnification claim.  Both
motions are DENIED.

     This case arises out of a February 25, 2010, train
collision with a tractor of a semi-rig owned by Defendant Ganiyu
Odunbaku parked on the track at Defendant Anchor Glass's plant
in Salem, New Jersey.  Plaintiff Heller was the conductor in a
railroad crew delivering three loaded hopper rail cars to the
Salem plant.  Defendant Robert Henry ("Henry") was the engineer.
Heller and Henry were employed by Defendant U.S. Rail.

At the time of the accident, Plaintiff Heller was located on the northwest side ladder of the leading rail car. Heller was controlling the shoving movement via radio communication with Henry who operated the locomotive from the control section. As the locomotive approached this area, Heller was able to visualize the vehicle from his positon on the rail car. However, the railroad tracks went around a bend next to a building, which allegedly obstructed Henry's view of the loading dock area from the control section.

Allegedly, after Heller observed Odunbaku's tractor obstructing the tracks he attempted to instruct Henry to stop the locomotive via radio communication. However, Henry did not receive the transmission because the radio allegedly malfunctioned. Heller alleges he suffered personal injuries after jumping off the train to avoid the collision. Defendants contend that Heller suffered injuries as a result of slipping on the ice.

Given the extraordinary delay of this case, the Court sees no need to further delay the case by conducting a lengthy analysis of the record before it. There are too many genuinely disputed issues of fact, thereby preventing the granting of summary judgment. There are disputed facts as to what caused Plaintiff's alleged injuries. There is evidence in the record that Plaintiff did not jump from the train prior to the

collision, but dismounted the train after the collision and after informing his locomotive engineer by radio that the train had collided with a tractor-trailer parked on the railroad tracks.  Moreover, there are disputed facts as to whether Plaintiff's injuries were caused because the portable radio malfunctioned.[1]

Accordingly,

IT IS HEREBY on this **16th** **day** of **September** **2015**, **ORDERED** that the Plaintiff's Motion for Summary Judgement and the Defendant's Motion for Partial Summary Judgement are DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[1] Because there are many disputed facts relating to causation, this Court need not reach the disputed issues of whether the radio was subject to the Locomotive Inspection Act.